## STATE v. DAVIS.

(Filed September 19, 1905).

*Eavesdropping—Indictment—Motion of Quash.*

An indictment for eavesdropping was defective which failed to charge that the conduct described was habitual, or facts from which such habit could be inferred, and also failed to allege that anything so heard was repeated in the hearing of divers persons and a motion to quash was properly allowed.

INDICTMENT against Jordan Davis for eavesdropping, heard by *Judge J. L. Webb* and a jury, at the April Term, 1905, of the Superior Court of PITT County. The defendant was indicted under the following bill: "The jurors for the State upon their oaths present that Jordan Davis, late of the County of Pitt and State of North Carolina, on the 15th day of April, 1905, at and in said county and State, being a person of evil mind and disposition, wilfully and unlawfully did approach the dwelling house of one L. H. Smith, then and there in the actual possession of one Eva Smith, his wife, in the night time, peeping in the window, turning the blinds and eavesdropping the conversation and looking into the rooms, to the great terror and disturbance of the family, to the annoyance and inconvenience of the inhabitants of said house, to the evil example of all others in like cases offending, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State." On motion of the defendant, there was judgment quashing the indictment. The State excepted and appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Skinner & Whedbee* for the defendant.

HOKE, J. There is no error. Eavesdropping is a criminal offense at common law defined as follows: "Eavesdrop-

STATE *v.* DAVIS.

pers are such as listen under the walls or windows or eaves of houses to hearken after discourse and thereupon proclaim slanderous and mischievous tales." 4 Blk., 168. Mr. Wharton, in his work on criminal law, says of the offense that in order to be indictable at common law it should be habitual, and combine the lurking about dwelling houses and other places where persons meet for private discourse, secretly listening to what is said and then tattling it abroad.

The indictment before us is defective in that it fails to charge that the conduct described was habitual or facts from which such habit could be inferred, and also fails to allege that anything so heard was repeated in the hearing of divers persons. Mr. Bishop, in his new criminal law, describes the offense as a common nuisance in hanging about the dwelling house of another, hearing tattle and repeating it to the disquiet of the neighborhood. This author, in his new criminal procedure, suggests the form of a bill in terms as follows: "That A, late of, etc., and on each and every day thence continually until the day of the finding of this indictment was, and is, a common eavesdropper, and there continually and on each and all of the days and times did listen about the houses and under the windows and eaves of the houses of the people there dwelling, hearing tattle and repeating it in the hearing of all persons, to the common nuisance, etc., and against the peace," etc. In commenting on the proof required for conviction, he says it may be desirable, and is perhaps legally necessary, to prove at least three instances of offending, from which, and from the more general evidence, the jury will infer the habit of eavesdropping, wherein probably is the gist of the offense.

There is no Error.